UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK VALLARTA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No.  15-cv-04846 |
| v. | ) | |
| | ) | |
| CAVALRY SPV I, LLC and | ) | |
| CAVALRY PORTFOLIO | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| DEFENDANTS. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Mark Vallarta, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

**PARTIES**

3. Plaintiff, Mark Vallarta ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Chase Bank consumer credit card account.  Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company with its principal place of business at 500 Summit Lake Drive, Suite 400, Valhalla,

New York 10595. It does or transacts business in Illinois. Its registered agent and office are Illinois CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

5. Defendant Cavalry is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Cavalry holds a collection agency license from the state of Illinois. (Exhibit B, Record from the Illinois Department of Financial & Professional Regulation).

7. Cavalry is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which it then tries to collect through other debt collectors.

8. Defendant Cavalry regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

9. Defendant Cavalry Portfolio Services, LLC ("CPS"), is a Delaware limited liability company with its principal place of business at 4050 East Cotton Center, Building 2, Suite 20, Phoenix, Arizona 85040. CPS does or transacts business in Illinois. Its registered agent and office is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60605. (Exhibit C, Record from Illinois Secretary of State).

10. Defendant Cavalry is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts on behalf of Cavalry SPV I, LLC.

11. Defendant CPS holds a collection agency license from the State of Illinois. (Exhibit D, Record from the Illinois Department of Financial & Professional Regulation).

12. Defendant CPS regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

13. Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Chase Bank consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

14. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

15. Cavalry purportedly purchased the alleged debt sometime thereafter.

16. Cavalry hired, retained, or otherwise assigned the debt for collection to Defendant CPS.

17. CPS attempted to collect the alleged debt from Plaintiff on behalf of Cavalry.

18. In response to collection attempts by Defendants, Plaintiff consulted with the legal aid attorneys at the Debtors Legal Clinic, who, on June 3, 2014, sent a letter to Cavalry, via its servicer, CPS, indicating that Plaintiff disputed the alleged debt. (Exhibit E, Representation Letter).

19. CPS received Plaintiff's letter on June 3, 2014.

20. On or about May 12, 2015, CPS communicated information regarding the alleged debt to the TransUnion consumer reporting agency, including an account balance, an account number, and the original creditor. (Exhibit F, TransUnion Excerpt).

21. CPS communicated a balance of $9,952 on the alleged debt.

22. CPS failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to TransUnion regarding the alleged debt on or about May 12, 2015.

23. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

24. 15 U.S.C. § 1692e of the FDCPA also provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

25. On or before May 12, 2015, CPS knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff's counsel had previously notified CPS of that dispute by on June 3, 2014.

26. Even though CPS knew or should have known, prior to May 12, 2015, that Plaintiff disputed owing the alleged debt, CPS failed to thereafter communicate the fact of Plaintiff's dispute to the TransUnion credit reporting agency when CPS communicated other information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

27. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—CPS

28. Plaintiff re-alleges paragraphs 1-27 as if set forth fully in this count.

29. CPS failed to communicate the fact of Plaintiff's dispute to the TransUnion consumer reporting agency, in violation of 15 U.S.C. §§ 1692e and 1692e(8), when reporting other information regarding the alleged debt.

WHEREFORE, Plaintiff asks that the Court enter judgment in his favor and against Defendants as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

### COUNT II—FAIR DEBT COLLECTION PRACTICES ACT—CAVALRY

30. Plaintiff re-alleges paragraphs 1-29 as if set forth fully in this count.

31. CPS failed to communicate the fact of Plaintiff's dispute to the TransUnion consumer reporting agency, in violation of 15 U.S.C. §§ 1692e and 1692e(8), when reporting other information regarding the alleged debt.

32. Cavalry is liable for the acts and omissions of CPS, committed in connection with efforts to collect the alleged debt from Plaintiff. See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000)).

WHEREFORE, Plaintiff asks that the Court enter judgment in his favor and against Defendants as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

                                                   By: s/ Michael J. Wood
                                                   One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
(312)757-1880
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com